CASE 8—PETITION EQUITY—JANUARY 15.

# Caldwell v. Seivers & Co., &c.

### APPEAL FROM LAUREL CIRCUIT COURT.

HOMESTEAD.—A debtor sold his homestead in Kentucky and removed
to the State of Oregon, where he invested the proceeds in another
homestead, and resided seven years. He then sold his Oregon home-
stead and returned to Kentucky, and invested the proceeds in another
homestead here. *Held*—That the last homestead is not exempt from
a debt created while the debtor owned his first homestead in Kentucky,
as he is to be treated as if he had never before resided here.

J. W. JONES FOR APPELLANT.

1. The owner of a homestead which is exempt, has the right to sell it and
invest the proceeds in another, which will also be exempt as against
any debts from which the original homestead would have been exempt.
(Lear, &c., v. Totten, 14 Bush, 101; Thompson on Homesteads and
Exemptions, sections 301, 302 and 303; Benham v. Chamberlain &
Co., 39 Iowa, 358.)

   The fact that appellant moved to Oregon did not deprive him of
the right to a homestead, as he took the proceeds of his Kentucky
homestead with him and invested the money in a homestead there.
(Anthony & Co. v. Wade, 1 Bush, 110.)

2. Exemption laws should be liberally construed in favor of the debtor.
(Cooley on Const. Limit., 5th ed. p. 350.)

RICHARDS & HINES ON SAME SIDE.

The proceeds of appellant's first homestead having been reinvested in
another homestead, and that homestead having been exchanged for
the one now in controversy, he is entitled to the exemption claimed.
(Thompson, &c., v. Heffner's Ex'rs, &c., 11 Bush, 364; Lear &c., v.
Totten, &c., 14 Bush, 101; Carter Brothers & Co. v. Lile, 5 Ky. Law
Rep, 690; Thomasson v. Little, 7 Ky. Law Rep., 749.)

   The fact that the second homestead was purchased in another State
does not alter the appellant's rights. (Hewitt v. Allen, 54 Wis.,
584.)

   It is not material what the exemption laws of Oregon are, but even
if it were material, the court would presume them to be the same as
the exemption laws of Kentucky. (Pierce v. Chicago, &c., R. R. Co.,
36 Wis., 283.

   Appellant was entitled to a reasonable time after removing to
Oregon in which to invest the proceeds of his Kentucky homestead

Caldwell v. Seivers & Co., &c.

there, and was entitled to a reasonable time after his return in which to exchange his Oregon homestead for another homestead in Kentucky. (Benham v. Chamberlain, 39 Iowa, 358; State v. Geddis, 44 Iowa, 539; Dwelly v. Galbreath, 5 Ky. Law Rep., 209.)

Our statute exempting a homestead should be liberally construed in favor of the debtor. (Bennett v. Baird, 5 Ky. Law Rep., 638.)

The case of Crush & Fleckenstein v. Stewart, 7 Ky. Law Rep., 825, distinguished.

IRA JULIAN FOR APPELLEES.

As the debt was created prior to the purchase of the homestead, the debtor must show that the homestead now sought to be subjected was proceeds of other property which was itself exempt from execution. (Lear, &c., v. Totten, 14 Bush, 101.)

It does not appear in this case that the Oregon homestead was exempt, and the court cannot presume that it was; so it is not shown that the homestead now sought to be subjected was purchased with the proceeds of exempt property.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant sold his homestead in 1875, and removed to the State of Oregon, where he purchased other property and resided seven years. At the end of that period he returned to this State and purchased another homestead, which he claims is exempt from appellee's debt created before his removal to Oregon.

If, instead of selling, he had left his former homestead unsold when he left here in 1875, it would have become, after his abandonment, clearly subject to appellee's debt. For whenever a debtor abandons his homestead with the intention of making, and does make, his residence elsewhere, in or out of this State, it ceases to be exempt from coercive sale, because no longer occupied by him as a homestead for the use of himself and family. A debtor may sell one exempted homestead and with the proceeds purchase another alike exempt; but if he chooses to invest such proceeds in business, or other property than a homestead, even

in this State, he cannot afterwards purchase another that will be exempt from debts previously created. If that be so, a debtor certainly cannot, after having been a resident of another State, and invested the proceeds in property there, return and purchase a homestead that is exempt from debts existing before his removal from the State. Having ceased to be a resident, he, upon his return, must be treated precisely as if he had never before been domiciled here.

This question has been settled by this court in the case of Williams, &c., v. Rose, &c., decided January, 1885, where the debtor leased his homestead here and removed to another State and engaged in business, though he said he left with the intention of returning and never abandoned his residence here. In that case it was said: "The facts of this case refute the idea of the intention to return on the part of appellees. And if not, this court will not hold that the debtor can leave this State with his family, engage in business for years in another State, and claim his homestead here." In that case the homestead was not sold by the debtor prior to his removal, as was done by appellant, nor, as claimed, was the residence in that case permanently abandoned. But here appellant not only sold his homestead but invested the proceeds in another homestead in Oregon, where he went with the intention of permanently residing.

It seems to us, to exempt the property of appellant from appellees' debt, would be a perversion of the letter and spirit of the homestead law, and make it the means of fraud on the part of the debtor never intended by the Legislature.

Judgment affirmed.